```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

WILLIAM Q. TERRY,

    Petitioner,

v.                                         Civil Action No. 5:11CV12
                                                                   (STAMP)

KUMA DeBOO, Warden, FCI Gilmer,
and U.S. PAROLE COMMISSION,

    Respondents.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

### I.  Procedural History

On January 26, 2011, the pro se[1] petitioner, William Q. Terry, an inmate at FCI-Gilmer, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a decision of the United States Parole Commission ("USPC").[2]  Specifically, the petitioner asserts that the USPC committed an ex post facto violation by applying 1987 and 2000 guideline systems to his parole hearings. In response to an order to show cause issued by United States Magistrate Judge John S. Kaull on March 17, 2011, the respondents filed a motion to dismiss or for summary judgment on April 14, 2011.  On April 15, 2011, the petitioner filed a motion seeking permission to add a respondent and to change venue.  On May 11,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The petition is styled "writ of habeas corpus in alternative a federal question for declaratory judgment."

2011, the petitioner filed a response to the respondents' motion to dismiss or for summary judgment.

This matter was referred to Magistrate Judge Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. On October 17, 2011, the magistrate judge issued a report and recommendation recommending that the respondents' motion to dismiss or for summary judgment be granted and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge further recommended that the petitioner's motion for joinder, or in the alternative, request for venue change be denied without prejudice to his right to file a complaint in a court having proper jurisdiction and venue. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.

On December 2, 2011, the petitioner filed an objection to the report and recommendation in which he reiterates his previous arguments and requests a parole reconsideration hearing.[3] For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

---

[3]The petitioner's objections were timely, as this Court had granted multiple motions by the petitioner for enlargements of time to file his objections.

## II. Facts

On October 9, 1979, the Superior Court for the District of Columbia sentenced the petitioner to a term of twenty years to life for a murder that occurred on May 21, 1977. The petitioner was also sentenced to a concurrent term of nine years for carrying a pistol without a license. The petitioner first became eligible for parole on October 25, 1999, and since then he has been denied parole four times: on July 19, 2000; on January 14, 2003; on December 17, 2007; and on December 22, 2010.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). The petitioner has filed objections in this case. Thus, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

A. Ex Post Facto Violation

In his § 2241 petition, the petitioner argues that the respondents are enforcing an ex post facto sentencing regime by applying the current USPC Guidelines for District of Columbia Code

3

offenders at 28 C.F.R. § 2.80 to his parole hearings rather than the 1987 and 2000 Guidelines. According to the petitioner, the USPC's application of a mixture of the 1987, 2000, and current Guidelines has resulted in the wrongful denial of his parole and fundamental due process rights. For relief, the petitioner requests that this Court rescind his latest reconsideration hearing and that he be afforded a new hearing with full consideration of District of Columbia Code § 24-209.

In their motion to dismiss or for summary judgment, the respondents contend that the petitioner has failed to state an <u>ex post facto</u> issue because his crime predates the 1987 Guidelines. Further, the respondents argue that the petitioner cannot show that the use of the current Guidelines substantially increased his punishment as compared to the pre-1987 regime.

In his response to the respondents' motion to dismiss or for summary judgment, the petitioner reiterates his claim that his parole decisions should be dictated by District of Columbia Code § 24-209 and expounds upon his <u>ex post facto</u> claim by comparing <u>Sellmon v. Reilly</u>, 551 F. Supp. 2d 66 (D.C. 2008), to his case.

In his report and recommendation, the magistrate judge first reviews the history of the National Capital Revitalization and Self-Government Improvement Act of 1997, D.C. Code § 24-1231(a) ("Revitalization Act"), which abolished the District of Columbia Board of Parole and conferred upon the USPC jurisdiction to grant and deny parole for District of Columbia Code offenders. The

report and recommendation then discusses the District of Columbia Municipal Regulations, published in 1987 ("1987 Guidelines"), which were used by the District of Columbia Parole Board prior to the enactment of the Revitalization Act to determine a District of Columbia Code offender's suitability for parole.

Next, the magistrate judge turns to the parole regulations and guidelines drafted by the USPC between 1998 and 2000 ("2000 Guidelines"), which apply to any offender who received an initial parole hearing after August 5, 1998. See Sellmon, 551 F. Supp. 2d at 73. As the magistrate judge explains, the 2000 Guidelines establish the process by which the USPC calculates the number of months a prisoner should serve in custody before he is suitable for parole.

Ultimately, the magistrate judge concludes that the USPC's denial of the petitioner's parole is unreviewable, and thus this Court cannot engage in judicial review of the Commissioner's decision. Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981) ("In unmistakable terms, the Parole Act specifically commits the decision to grant or deny parole to the unreviewable discretion of the Parole Commission."). With regard to the petitioner's ex post facto claim, the magistrate judge finds that pursuant to District of Columbia Code § 24-403(a) -- the statute in effect at the time the petitioner committed the offense -- the District of Columbia Parole Board had significant discretion regarding parole decisions, and there was no guarantee that parole would be granted.

Therefore, the magistrate judge concludes that the petitioner cannot show that the application of the 1987 and/or 2000 Guidelines substantially raised an increase his punishment as compared to the regime used by the District of Columbia Parole Board at the time he was convicted. The magistrate judge highlights the fact that because the petitioner was sentenced to a term of imprisonment of twenty years to life, any period of incarceration exceeding the minimum sentence of twenty years is not an increase in sentence because the petitioner ultimately faces a lifetime of incarceration. Thus, the magistrate judge concludes that the change in parole guidelines cannot violate the ex post facto clause, as there can be no increase in punishment beyond the possible life sentence that was imposed. See Weaver v. Graham, 450 U.S. 24, 28 (1981) ("The ex post facto prohibition forbids Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.") (internal quotations omitted).

In his objection to the report and recommendation, the petitioner compares his case to Cobb v. Warden, FCI Gilmer, No. 5:10CV66, 2011 WL 1137304 (N.D. W. Va. Mar. 25, 2011), and argues that the USPC's actions have created a significant risk of an increased period of incarceration. The petitioner again requests a parole reconsideration hearing with the application of District of Columbia Code § 24-204.

In Cobb, the petitioner alleged that the USPC violated the ex post facto clause by applying the 2000 Guidelines to his 1994 sentence instead of the 1987 Guidelines. Cobb, 2011 WL 1137304, at *3. This Court, affirming and adopting the report and recommendation of the magistrate judge, found that when the USPC utilized the 2000 Guidelines in 2001, 2004, and 2007 when it denied the petitioner parole, this may have created a significant risk of an increased period of incarceration. Id. at *4. However, this Court went on to find that even if the petitioner could establish an ex post facto violation in the application of the Guidelines, he was not entitled to an order granting him release on parole. Id. Rather, he would only be entitled to a new parole hearing, which he had already received -- Cobb's January 14, 2010 hearing was conducted pursuant to the 1987 Guidelines. Id.

To make out a valid ex post facto claim, the petitioner must compare the results under the parole scheme in place when he committed his offense to that actually applied by the USPC and show that the latter creates a substantial risk of increased punishment over the former. See Phillips v. Fulwood, 616 F.3d 577, 581 (D.C. Cir. 2010). Unlike Cobb, in this case, the USPC's application of a later Guidelines scheme did not create a significant risk of an increased period of incarceration because the petitioner already faces a lifetime of incarceration. Because there can be no increase in punishment beyond the possible life sentence that was imposed, the petitioner cannot show a violation of the ex post

7

facto clause.  See <u>Lynce v. Mathis</u>, 519 U.S. 433, 441 (1997) ("To fall within the <u>ex post facto</u> prohibition, a law must be retrospective -- that is, it must apply to events occurring before its enactment -- and it must disadvantage the offender affected by it.").  Moreover, because the pre-1987 regime had "no formalized scoring system [for determining parole eligibility]" and "[t]he decision to grant parole remained within the discretion of the [Parole Board]," the petitioner cannot show that use of the current guidelines substantially risked an increase in his punishment.  <u>Austin v. Reilly</u>, 606 F. Supp. 2d 4, 9 (D.D.C. 2009) (quoting <u>Davis v. Henderson</u>, 652 A.2d 634, 635 (D.C. 1995)).  Therefore, this Court finds that the petitioner's § 2241 petition must be denied.

B.  <u>Motion for Joinder/Change of Venue</u>

The report and recommendation also addresses the petitioner's motion to join Eric Holder, the United States Attorney General, as a respondent and to transfer venue to the Superior Court.  In a § 2241 action, the only proper respondent is the warden of the institution in which the petitioner is incarcerated.  See <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 495 (1973) ("The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer.") (internal quotations omitted).  Thus, the magistrate judge concludes that the petitioner's request to join the Attorney General is inappropriate.  This Court agrees.  Moreover, this Court finds no clear error in

the magistrate judge's finding that this Court lacks authority to transfer the petitioner's § 2241 petition to a jurisdiction wherein it could not have been originally filed.  See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition.").  Thus, the petitioner's motion for joinder and request for venue change must be denied.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the respondents' motion to dismiss or for summary judgment (ECF No. 14) is GRANTED and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE.  Additionally, the petitioner's motion for joinder, or in the alternative, request for venue change (ECF No. 17) is DENIED WITHOUT PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).  He is further advised that

a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:   January 11, 2012

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE